**Martha Frances BULLOCK et vir,
Appellants,**

v.

**Dewitt C. GREER et al., Appellees.**

**No. 3690.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 2, 1962.

Rehearing Denied Feb. 23, 1962.

Harrell & Thompson, William G. Thompson, Breckenridge, for appellants.

Will Wilson, Atty. Gen., Morgan Nesbitt, John B. Webster, Asst. Attys. Gen., McMahon, Smart, Sprain, Wilson & Camp, Stanley Wilson, Abilene, Sidney Callender, San Antonio, for appellees.

GRISSOM, Chief Justice.

West Central Texas Municipal Water District is constructing a dam and reservoir in Stephens and Shackelford Counties. The plan provides for a flood level at 1202 feet. A portion of U. S. Highway 180 will be submerged when the water in the reservoir rises above 1202 feet. In order that such portion of said highway might be relocated and raised so that the highway would not be under water, the Water District entered into a contract with the State for such relocation and raising at an agreed place. The Water District agreed to furnish the State an easement for the highway right of way at such place. To carry out that agreement the Water District instituted condemnation proceedings. It involved five tracts, but only one tract of about two and one half acres, which belongs to the Bullocks, was sought to be condemned for highway use, the other four tracts were required for reservoir and flooding purposes. An award of damages was made. Said condemnation suit is now pending in the County Court of Stephens County. The Water District, although it was not required to do so by virtue of Article 8280-162, Section 10, deposited the amount of the award in court and became entitled to possession of the condemned land.

In accord with the contract between the Water District and the State, the highway

department through its contractor moved onto Bullocks' land and started to relocate a portion of said highway thereon. Thereupon, the Bullocks filed this suit in the District Court to enjoin the highway commission and its contractor from using their land for the purpose for which it had been condemned by the Water District. The temporary injunction was denied and the Bullocks have appealed.

The controlling question is whether the Water District had the power to condemn appellants' land for the relocation and raising of said highway. The District was created by Article 8280–162. Section 8 thereof provides that the District is authorized to acquire land and other facilities necessary or useful for the purpose of impounding, processing and transporting water. Section 9 empowers it to acquire land and other facilities necessary or useful for the purpose of diverting, impounding, storing, processing and transporting water. Section 10 provides that, for the purpose of carrying out any power or authority conferred by the act, the District shall have the right to acquire land and easements by condemnation. Section 10a provides that if the District, in the exercise of the power of eminent domain or any other power granted to it, makes necessary relocation or raising of any highway that such relocating or raising shall be accomplished at the expense of the District.

The District, in the exercise of the powers granted by the act and in carrying out the purposes of its creation, made necessary the relocation and raising of the highway. The provisions of the act creating said District, particularly Sections 10 and 10a show the legislative intent to empower the District, under the circumstances mentioned, to condemn land for the purpose of relocating and raising the highway. This conclusion is supported by the decision in Weyel v. Lower Colorado River Authority, Tex. Civ.App., 121 S.W.2d 1032 (Writ Ref.) It was there held that the legislature did not intend to restrict said River Authority's power of condemnation to property, or to

uses thereof, which the District itself intended to use permanently in its own operation and that it was authorized to do whatever was reasonably necessary and convenient to accomplish the purposes of its creation. The statutes creating the two Districts mentioned in granting power to condemn do not use the same language but, we think, that so far as it is here material that they have the same effect. We hold that when the Water District, in the exercise of the powers granted to it and in carrying out the purposes of its creation, made necessary the relocation and raising of a portion of the highway that it had authority to condemn land for use as a highway. Since the place of relocation has been determined by the Highway Commission and the District, and the Water District has deposited the amount of the award, it had authority to turn its possession over to the highway department for the purpose for which the land was condemned. The judgment is affirmed.